UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

HOUSTON DOUGLAS, 06-A-2860,   **DECISION AND ORDER**

                                              Plaintiff,   15-cv-0636 (RJA)(JJM)

v.

NP SALOTTI, Five Points C.F.,
DR. GUARDIA, Five Points C.F.,
DOCTOR/NURSE FRIES, Livingston C.F.,
DOCTOR/NURSE DYE, Livingston, C.F.,
CLINE, Program Committee Supervisor,
Livingston C.F., SNYDER, Program
Committee, Livingston, C.F.,

                                            Defendants.
_____

        Before me is the motion of plaintiff Houston Douglas for appointment of counsel [21].[1] For the following reasons, plaintiff's motion for appointment of counsel is denied, without prejudice to renewal.

## BACKGROUND

        Plaintiff, an inmate, alleges that while incarcerated at Five Points and Livingston Correctional Facilitates, defendants were deliberatively indifferent to his eye condition, which further impaired his vision. Complaint [1]. The case remains at an early stage. While I have been attempting to have the remaining defendant, Dr. Guardia, properly identified and served with the Complaint, the case has otherwise been stayed as a result of plaintiff's December 27,

---

[1]    Bracketed references are to the CM/ECF docket entries.

2016 unopposed motion to hold the case in abeyance because of an impending cataract surgery [15], which I granted. *See* January 6, 2017 Text Order [17].

Because of his "vision impairment", plaintiff seeks appointment of counsel "to execute discovery of [his medical records [and] to locate documents requested by the court [to identify Dr. Guardia]". Plaintiff's motion [21], p. 1 of 3.

**ANALYSIS**

There is no constitutional right to appointed counsel in civil cases. However, under 28 U.S.C. §1915(e)(1), the Court may appoint counsel to assist indigent litigants. *See, e.g.*, Sears, Roebuck & Co. v. Charles W. Sears Real Estate, Inc., 865 F. 2d 22, 23 (2d Cir. 1988). The decision as to whether or not to assign counsel lies clearly within the court's discretion. *See* In re Martin-Trigona, 737 F. 2d 1254, 1260 (2d Cir. 1984). The factors to be considered include the following: (1) whether the indigent's claims seem likely to be of substance; (2) whether the indigent is able to investigate the crucial facts concerning his claim; (3) whether conflicting evidence implicating the need for cross-examination will be the major proof presented to the fact finder; (4) whether the indigent has the ability to present the case; (5) whether the legal issues involved are complex; and (6) whether there are any special reasons why appointment of counsel would be more likely to lead to a just determination. *See* Hodge v. Police Officers, 802 F.2d 58, 61-62 (2d Cir. 1986); Carmona v. United States Bureau of Prisons, 243 F. 3d 629, 632 (2d Cir. 2001).

While I am sympathetic to plaintiff's circumstances, having considered the above factors I conclude that appointment of counsel is not warranted at this time. Since the case is still

at an early stage, the merit (or lack thereof) of plaintiff's claims remains difficult to assess. Plaintiff has also failed to demonstrate that his case is complex.

Although plaintiff contends that his visual impairment requires appointment of counsel, I previously granted his unopposed motion to hold the case in abeyance [15] as a result of his impending cataract surgery, and, if necessary, will consider an application to continue the stay of proceedings to permit him to recover from that surgery. However, in the absence of any supporting medical evidence, plaintiff has not demonstrated that his vision presents a permanent hindrance to him prosecuting his case. *See* Thousand v. Wrest, 2016 WL 3477242, *6 (W.D.N.Y. 2016) ("while Plaintiff contends that his visual impairment is a factor weighing in favor of appointment of counsel, it does not appear that such impairment has hindered him . . . . Accordingly, Plaintiff's motion for appointment of counsel is denied"); Walters v. NYC Health Hospital Corp., 2002 WL 31681600, *2 (S.D.N.Y. 2002) ("[a]lthough a plaintiff's disability can support an application for counsel . . . here . . . . it appears . . . that any purported disability has not significantly hampered Plaintiff's ability to prosecute his case to date").

Therefore, plaintiff's motion for appointment of counsel is denied, without prejudice to his ability to re-apply for appointment of counsel. However, at this time, it remains plaintiff's responsibility to retain an attorney or to prosecute this action *pro se*. In order to assist plaintiff in pursuing this case *pro se*, the clerk of the court is directed to send plaintiff the court's booklet entitled "*Pro Se* Litigation Guidelines".

## CONCLUSION

For these reasons, plaintiff's motion for appointment of counsel [21] is denied, without prejudice to renewal.

**SO ORDERED.**

Dated: April 18, 2017

/s/ Jeremiah J. McCarthy
JEREMIAH J. MCCARTHY
United States Magistrate Judge